JUSTICE RICE,
concurring.
¶47 I concur in the Court’s result and analysis. I write separately because I believe much of the analysis is unnecessary. In cases such as this — where the total delay is greater than 200 days but it is uncontested that the delay attributable to the State is less than 200 days — I would conclude it is unnecessary to carry out the Ariegwe analysis beyond the second factor.
¶48 In Ariegwe, we held that 200 days is a threshold for a speedy trial analysis and, if the delay is less than 200 days, no further analysis is necessary. Ariegwe, ¶ 107. If the delay is more than 200 days, we move on to the second factor and assess the reasons for the delay. All delays not demonstrably caused by the defendant are attributed to the State. Ariegwe, ¶ 108. In this case, Maloney conceded, “that, of the 220 days between arrest and pleading, 32 of those days are attributable to his motion to continue the trial date. Maloney contends that the remaining 188 days are attributable to the State, but does not argue that the State was not diligent or acted in bad faith during that period.” Opinion, ¶ 22. Once Maloney conceded that the State was responsible for less than 200 days of the delay, any analysis considering his response to the delay or any prejudice he may have suffered from the delay, as would otherwise be required by the third and fourth Ariegwe factors, becomes moot. I therefore would not require the analysis.
¶49 The 200-day threshold triggering a speedy trial analysis is nothing more than that — a threshold; it’s not the Rubicon. Just because a defendant crosses the threshold in factor one does not preclude him from crossing back in factor two. In cases in which that occurs, I contend an analysis of the remaining Ariegwe factors is superfluous.